UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Oswald Liang,<br>Plaintiff<br>v.<br>Nevada Department of Corrections, et al.,<br>Defendants | Case No. 2:26-cv-00212-CDS-EJY<br>**Order Dismissing First Amended Complaint and Denying Plaintiff's Motion for a Temporary Protective Order**<br>[ECF Nos. 9, 10] |

Plaintiff Oswald Liang, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and paid the filing fee. ECF No. 1-1, ECF No. 5. I screened the plaintiff's civil rights complaint under 28 U.S.C. § 1915A and dismissed it with leave to file an amended complaint. ECF No. 7. I now screen the first amended complaint ("FAC"). ECF No. 9.

**I. Screening standard**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle them to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* "When there are well-pleaded factual allegations, a court

should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

All or part of a complaint filed by an incarcerated person may therefore be dismissed sua sponte if the claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. Screening of FAC

Liang sues only defendant NDOC for events that took place at Lovelock Correctional Center ("LCC".) ECF No. 9 at 2. He purports to bring two claims and seeks injunctive relief. *Id.* at 2–6.

Liang alleges the following. In January 2022, NDOC staff housed Liang with an inmate that Liang's Institutional File indicated he was not supposed to be housed with due to Liang's Security Threat Group ("STG") status. Liang requested different placement but wasn't moved. Liang and four other inmates were involved in an assault incident. Liang was charged with assault and also falsely charged with gang activity. Based on these allegations, Liang claims that the NDOC was deliberately indifferent to a serious risk to his safety (Claims 1 and 2).

### A. Legal standards & analysis

#### *1. Claims 1 & 2: Eighth Amendment Deliberate Indifference to Serious Risk to Inmate Safety*

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The "treatment a prisoner receives in prison and the conditions under which he is confined are

subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Eighth Amendment imposes duties on prison officials to take reasonable measures to guarantee the safety of inmates and to ensure that inmates receive adequate food, clothing, shelter, and medical care. *Farmer*, 511 U.S. at 832.

To establish violations of these duties, the prisoner must establish that prison officials were deliberately indifferent to serious threats to the inmate's safety. *Id.* at 834. To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id.* at 837. Prison officials may not escape liability because they cannot, or did not, identify the specific source of the risk; the serious threat can be one to which all prisoners are exposed. *Id.* at 843.

A prisoner seeking a remedy for unsafe conditions does not have to await a tragic event such as an actual assault before obtaining relief. *Id.* at 845. "An inmate seeking an injunction on the ground that there is a contemporary violation of a nature likely to continue must adequately plead such a violation." *Id.* at 845–46 (quotations and citation omitted). A plaintiff must plead that prison officials are "knowingly and unreasonably disregarding an objectively intolerable risk of harm, and that they will continue to do so." *Id.* at 846.

### *2. Liang Fails to State Colorable Claims*

As a threshold matter, Claims 1 and 2 both assert Eighth Amendment violations that are based on the same allegations that Liang was housed with a known rival. ECF No. 9 at 3–4. So I dismiss Claim 2 as duplicative to Claim 1. Further, Liang's allegations that NDOC staff housed him with inmates with whom he was not supposed to be housed due to documented concerns of violence implicate his Eighth Amendment rights. In dismissing his original complaint, I explained that Liang failed to allege that any specified individual(s) acted or failed to act, resulting in a serious risk to his safety. And here in the amended complaint Liang only names the NDOC as a defendant.

But the NDOC is an arm of the State of Nevada and is not a "person" for purposes of 42 U.S.C. § 1983. *See Doe v. Lawrence Livermore Nat. Lab.*, 131 F.3d 836, 839 (9th Cir. 1997). So I dismiss this complaint against the NDOC with prejudice and without leave to amend as amendment would be futile.

**B. Motion for temporary protective order**

Liang also filed a renewed motion for injunctive relief. ECF No. 10. He makes the bare assertion that he needs a protective order to ensure his safety because he has filed this civil rights action.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Here, I am dismissing Liang's FAC with prejudice and without leave to amend for failure to state a claim. There are no colorable claims currently before the court. This means Liang cannot show that he is likely to succeed on the merits. Further, Liang makes no specific, credible assertion of irreparable harm. He does not allege that he is currently in a dangerous situation and his vague speculation that he may be put at risk in the future is insufficient. Accordingly, I deny the motion as moot.

## III. Conclusion

It is therefore ordered that the first amended complaint **[ECF No. 9] is dismissed with prejudice** and without leave to amend for failure to state a claim.

It is further ordered that the plaintiff's motion for temporary protective order **[ECF No. 10] is denied as moot**.

The Clerk of the Court is kindly instructed to enter judgment accordingly and close this case.

Dated: November 19, 2026

Cristina D. Silva
United States District Judge